WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nathaniel Turner, Jr., | No.  CV 14-0582-PHX-SMM (JZB) |
| Plaintiff, | |
| v. | **O R D E R** |
| Unknown Barajas, et al., | |
| Defendants. | |

On March 20, 2014, Plaintiff Nathaniel Turner, Jr., who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a May 23, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 16, 2014, Plaintiff filed his First Amended Complaint (Doc. 7).  On June 17, 2014, Plaintiff filed a Motion for Extension of Time to Obtain Counsel (Doc. 8).  The Court will deny the Motion for Extension of Time and dismiss the First Amended Complaint with leave to amend.

**I.      Motion for Extension of Time**

In his June 17 Motion for Extension of Time, Plaintiff seeks 30 days within which to obtain counsel.  In the six months since Plaintiff filed the Motion, counsel has not entered an appearance in this case.  Accordingly, the Court will deny the Motion.

JDDL-K

1    **II.     Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff names the following Defendants: Phoenix Police Officers Jacob Daniels and Michael Smith; John Doe Medical Staff at St. Luke's Hospital; and Doctor B. Johnson.

In Count One, Plaintiff claims his arrest was the result of racial profiling by Defendants Daniels and Smith.   Plaintiff claims that on January 17, 2014, he was charging his laptop at a Shell Gas Station when Defendants Daniels and Smith approached him and told him he was stealing electricity and trespassing.   Plaintiff claims that he had permission to charge his laptop at the gas station and that he "would see [Officer Daniels] in court for racial harassment."   Plaintiff claims that as soon as he reached over to unplug his computer, he was "brutally assaulted by officer Jacob Daniels."   Plaintiff claims that Defendant Daniels "for no reason jumped on [his] back putting [him] in a sleeper/choke hold causing [him] to fall head first into the pavement, knocking [him] unconscious, giving [him] a concussion."   Plaintiff also claims his pinky finger on his left hand was seriously dislocated.   Plaintiff further claims that Defendant Daniels and Smith punched him and forced his wrists into handcuffs that were too small.

In Count Two, Plaintiff claims Defendant Doe was deliberately indifferent to Plaintiff's medical needs.   Plaintiff claims that after his arrest, he was taken to St. Luke's Hospital where he was "rushed in and out approx. ten to 15 minutes, then cleared to leave."   Plaintiff claims that he was brought in face down and handcuffed, and so could not see Defendant Doe's face, but that he explained that he thought his hand was broken

1  because of the tight handcuffs.  Plaintiff claims that if Defendant Doe had set Plaintiff's

2  finger at that time, Plaintiff would not have had to see an orthopedic surgeon.

3         In Count Three, Plaintiff claims Defendant Johnson was deliberately indifferent to

4  Plaintiff's serious medical needs.  Plaintiff claims that he was booked into the Maricopa

5  County Jail on January 18, 2014, but that he was not seen by Defendant Johnson until

6  January 27, 2014.  Defendant Johnson ordered x-rays of Plaintiff's hand and attempted to

7  reset the dislocated finger.  Plaintiff claims that afterward, he was in severe pain and had

8  to return to medical, where Defendant Johnson ordered additional x-rays.  Plaintiff was

9  then taken to the emergency room at the hospital where doctors informed him that

10  Defendant Johnson had broken the finger when he attempted to fix it.  Plaintiff's finger

11  was set and Plaintiff now sees an orthopedic hand surgeon once per month to try to

12  increase range of motion in the finger.  Plaintiff claims that the 10-day delay in care

13  resulted in his injuries and that Defendant Johnson's attempted treatment made his

14  injuries worse.

15         Plaintiff seeks money damages.

16  **IV.   Failure to State a Claim**

17         **A.     Count One–Racial Discrimination**

18         Plaintiff has failed to state a claim in Count One for racial discrimination.  To

19  establish a violation of the Equal Protection Clause based on a claim of racial

20  discrimination, a plaintiff must first establish that defendants acted with a discriminatory

21  intent.  *Washington v. Davis*, 426 U.S. 229, 239 (1976).  Plaintiff fails to allege facts

22  showing Defendants Daniels and Smith acted with discriminatory intent and offers

23  nothing more than a conclusory allegation that he was the target of racial profiling.

24  Conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of*

25  *Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal

26  interpretation of a civil rights complaint may not supply essential elements of the claim

27  that were not initially pled.  *Id*.  Plaintiff has failed to state a claim for racial

28  discrimination.

1

**B.      Counts Two and Three–Medical Claims**

2      Not every claim by a prisoner relating to inadequate medical treatment states a

3  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

4  plaintiff must show that the defendants acted with "deliberate indifference to serious

5  medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

6  *Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need"

7  by demonstrating that failure to treat the condition could result in further significant

8  injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

9  was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

10      "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d

11  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

12  both know of and disregard an excessive risk to inmate health; "the official must both be

13  aware of facts from which the inference could be drawn that a substantial risk of serious

14  harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,

15  837 (1994).   Deliberate indifference in the medical context may be shown by a

16  purposeful act or failure to respond to a prisoner's pain or possible medical need and

17  harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may

18  also be shown when a prison official intentionally denies, delays, or interferes with

19  medical treatment or by the way prison doctors respond to the prisoner's medical needs.

20  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

21      Deliberate indifference is a higher standard than negligence or lack of ordinary

22  due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.  "Neither negligence nor

23  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

24  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

25  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

26  "medical malpractice" do not support a claim under § 1983).   "A difference of opinion

27  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

28  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).   A mere delay in medical care,

1   without more, is insufficient to state a claim against prison officials for deliberate

2   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

3   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

4   "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

5          Plaintiff has not alleged sufficient facts in Count Two to show that Defendant Doe

6   was both aware of Plaintiff's serious medical need and failed to act.  Plaintiff's facts

7   demonstrate, at best, that Defendant Doe was negligent in diagnosing Plaintiff's injury;

8   negligence is not sufficient to state a Fourteenth Amendment medical claim.

9          Similarly, in Count Three, Plaintiff has not alleged facts showing Defendant

10  Johnson was deliberately indifferent to his serious medical needs.  Plaintiff does not

11  allege that Defendant Johnson was responsible for scheduling inmate medical

12  appointments or was otherwise responsible for the 10-day delay in care, nor does Plaintiff

13  allege that Defendant Johnson denied care.  Although Plaintiff claims Defendant

14  Johnson's treatment resulted in a break of Plaintiff's pinky finger, Plaintiff facts suggest

15  Defendant Johnson's treatment, at worst, constitutes medical malpractice.  Medical

16  malpractice is not sufficient to state a Fourteenth Amendment medical claim.

17  Accordingly, Plaintiff has failed to state a claim in Counts Two and Three of the First

18  Amended Complaint.

19  **V.   Leave to Amend**

20         For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

21  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

22  may submit a second amended complaint to cure the deficiencies outlined above.  The

23  Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

24  amended complaint.  If Plaintiff fails to use the court-approved form, the Court may

25  strike the second amended complaint and dismiss this action without further notice to

26  Plaintiff.

27         Plaintiff must clearly designate on the face of the document that it is the "Second

28  Amended Complaint."  The second amended complaint must be retyped or rewritten in

JDDL-K

its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

In each count, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

1    (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*.  Failure to comply may
2    result in dismissal of this action.

3              **B.      Address Changes**

4        Plaintiff must file and serve a notice of a change of address in accordance with
5    Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
6    for other relief with a notice of change of address.  Failure to comply may result in
7    dismissal of this action.

8              **C.      Copies**

9        Because Plaintiff is currently confined in an Arizona Department of Corrections
10   unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy
11   of every filing for use by the Court, as would ordinarily be required by Local Rule of
12   Civil Procedure 5.4.  If Plaintiff is transferred to a unit other than one subject to General
13   Order 14-17, he will be notified of the requirements regarding copies for the Court that
14   are required for inmates whose cases are not subject to General Order 14-17.

15             **D.      Possible "Strike"**

16       Because the First Amended Complaint has been dismissed for failure to state a
17   claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies
18   identified in this Order, the dismissal may count as a "strike" under the "3-strikes"
19   provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring
20   a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the
21   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
22   brought an action or appeal in a court of the United States that was dismissed on the
23   grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
24   granted, unless the prisoner is under imminent danger of serious physical injury."  28
25   U.S.C. § 1915(g).

26             **E.      Possible Dismissal**

27       If Plaintiff fails to timely comply with every provision of this Order, including
28   these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's June 17, 2014 Motion for Extension of Time to Obtain Counsel (Doc. 8) is **denied**.

(2)     The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 6th day of January, 2015.


                                         Stephen M. McNamee
                                    Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____  ,  )
(Full Name of Plaintiff)                      )
                      Plaintiff,   )
                               )
             vs.                  )  **CASE NO.** _____
                               )         (To be supplied by the Clerk)
(1) _____  ,  )
(Full Name of Defendant)                   )
(2) _____  ,  )
                               )  **CIVIL RIGHTS COMPLAINT**
(3) _____  ,  )  **BY A PRISONER**
                               )
(4) _____  ,  )  ☐ Original Complaint
            Defendant(s).         )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint


## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                           1                                      **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____ at _____.
    (Position and Title)                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____ at _____.
    (Position and Title)                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____ at _____.
    (Position and Title)                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____ at _____.
    (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____ .  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                           ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?                ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.